# EXHIBIT 1



# Service of Process Transmittal
05/06/2021
CT Log Number 539514434

**TO:** Litigation Department
Federal Express Corporation
3620 HACKS CROSS RD, 3RD FLOOR, BUILDING B
MEMPHIS, TN 38125

**RE:** **Process Served in Michigan**

**FOR:** Federal Express Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Anthony Trapp, Pltf. vs. Federal Express, Dft. *Name discrepancy noted*. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Complaint, Demand |
| **COURT/AGENCY:** | 10th Judicial District - State of Michigan, MI Case # 2144300CK |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Plymouth, MI |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/06/2021 postmarked on 05/03/2021 |
| **JURISDICTION SERVED:** | Michigan |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service |
| **ATTORNEY(S) / SENDER(S):** | Victor J. Mastromarco, Jr. 1024 N. Michigan Ave. Saginaw, MI 48602 989-752-1414 |
| **REMARKS:** | Please note even though the documents are directed to Federal Express, our records indicate Federal Express Corporation as entity. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/07/2021, Expected Purge Date: 05/12/2021 |
| | Image SOP |
| | Email Notification, Litigation Department lydia.langbein@fedex.com |
| | Email Notification, Stacey Stephens stacey.stephens@fedex.com |
| | Email Notification, Cynthia Schwind cynthia.schwind@fedex.com |
| | Email Notification, Kathy Miller khmiller@fedex.com |
| **REGISTERED AGENT ADDRESS:** | The Corporation Company 40600 Ann Arbor Road E Suite 201 Plymouth, MI 48170 877-564-7529 MajorAccountTeam2@wolterskluwer.com |

Page 1 of 2 / TD



# Service of Process Transmittal
05/06/2021
CT Log Number 539514434

**TO:** Litigation Department
Federal Express Corporation
3620 HACKS CROSS RD, 3RD FLOOR, BUILDING B
MEMPHIS, TN 38125

**RE:** **Process Served in Michigan**

**FOR:** Federal Express Corporation  (Domestic State: DE)

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

THE MASTROMARCO FIRM
ATTORNEYS AT LAW
1024 N. MICHIGAN AVE.
SAGINAW, MI 48602

neopost
FIRST-CLASS MAIL
05/03/2021
US POSTAGE $007.85⁰



ZIP 48603
041M12251464

THE CORPORATION COMPANY
40600 ANN ARBOR RD E STE 201
Plymouth, MI 48170

RETURN RECEIPT REQUESTED

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| **STATE OF MICHIGAN**<br>JUDICIAL DISTRICT<br>10th  JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | **CASE NO.**<br>21- 44300 -CK |
|---|---|---|

**Court address**
111 S. Michigan Ave., Saginaw, MI 48602

**Court telephone no.**
(989)790-5540

| Plaintiff's name(s), address(es), and telephone no(s).<br>ANTHONY TRAPP | v | Defendant's name(s), address(es), and telephone no(s).<br>FEDERAL EXPRESS<br><br>THE CORPORATION COMPANY<br>40600 ANN ARBOR RD E STE 201<br>PLYMOUTH, MI  48170 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Victor J. Mastromarco, Jr. (P34564)<br>Kevin J. Kelly  (P74546)<br>1024 N. Michigan Ave.<br>Saginaw, MI 48602<br>(989) 752-1414 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☑ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in  ☐ this court,  ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____.

The action  ☐ remains  ☐ is no longer  pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>4/13/21 | Expiration date<br>7/13/21 | Court clerk<br>Vanessa Guerra |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (6/19)  **SUMMONS**  MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| | SUMMONS |
|---|---|
| **PROOF OF SERVICE** | Case No. 21- -CK |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                              Date

My commission expires: _____ Signature: _____
                                Date                                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                                          Attachments

_____ on _____
                                          Day, date, time

_____ on behalf of _____ .
Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF SAGINAW

ANTHONY TRAPP,

Plaintiff,

v.

FEDERAL EXPRESS,

Defendant.
_____/

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR.(P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan
Avenue Saginaw,
Michigan 48602
(989) 752-1414
_____/

Case No. 21-44300-CK
Hon.



There is no other pending or resolved civil action arising
out of the transaction or occurrence alleged in the
complaint.

### PLAINTIFF'S COMPLAINT & DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, ANTHONY TRAPP, by and through its attorneys, THE MASTROMARCO FIRM, and hereby complains against Defendant, FEDERAL EXPRESS (hereinafter FedEx) stating as follows:

### COMMON ALLEGATIONS

1. That at all that is material hereto Plaintiff is a resident of the County of Saginaw, State of Michigan.

2. That at all times material hereto, Federal Express operated a service plant out of Genesee County, Michigan, which employed the Plaintiff.

3. That at all times material hereto, Plaintiff is a member of a protected class because of his weight then was hired in December 2020 as a truckdriver or delivery driver for the Defendant Federal Express.

4. That in fact, when Plaintiff was hired, he passed all background checks, and physical requirements for the job, even though weighing at the time 450 pounds.

5. That after passing field training Plaintiff was made a Part-time employee as a Federal Express swing driver.

6. That in fact, Plaintiff was meeting all his delivery times, and performing in a satisfactory to above satisfactory manner, having received no counseling or write ups.

7. That everything was going fine for Plaintiff until he requested an accommodation in the form of an extension for seat belts on his vehicles that he would drive.

8. That said extensions are readily available on the market, and are universally adopted into various trucks, delivery vehicles and cars. As a matter of fact, such extensions are used many times on trains, buses, and airplanes.

9. That at this time the Plaintiff requested the referral, his supervisor indicated and filled out a form for an accommodation request.

10. That said request was turned into Human Resources who then had several meetings regarding same.

11. That Plaintiff was informed on March 4, 2021 that he was going to be demoted and that they would not accommodate his extension request.

12. That in point of fact, Defendants indicated that "until he lost weight" he would not be allowed to be a driver any longer.

13. That Plaintiff was told that if he had a "change of circumstances" which they referred to as a drop in weight, they would not continue to employ him as a driver.

14. That in point of fact plaintiff was demoted and receives $4 less per hour now that he has been demoted and is no longer able to drive Federal Express delivery trucks.

15. That plaintiff's demotion and cut in pay is an adverse employment action, which violates the Michigan Elliott Larsen Civil Rights Act otherwise found at MCL 37.2202 et. seq.

16. That defendant's actions due violate the Michigan Elliott Larsen Civil Rights Act as it relates to "weight."

17. The defendant's actions also violate the Michigan Persons with Disabilities Civil Rights Act, insomuch as they viewed plaintiff as having a "perceived disability" because of his weight and acted on that when they terminated his position and demoted him.

## COUNT I WEIGHT DISCRIMINATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

18. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 17 of his Common Allegations, word for word and paragraph for paragraph, as if fully restated herein.

19. That the Elliott Larsen Civil Rights Act makes it unlawful for an employer to fail or refuse to hire, discharge, demote, or otherwise discriminate against an individual with regard to employment, compensation, or a term condition or privilege of employment because of weight. MCL 37.2202. et. seq.

20. That at all times material hereto, defendant constituted an quote employer" as that term is defined by the act. MCL 37.2201 (one).

21. That plaintiff is a member of a protected class by virtue of his weight.

22. That at all times material hereto, plaintiff was qualified for the position he held.

23. That defendant took adverse action against the plaintiff by demoting him, and reducing his pay by $4 per hour because of his weight.

24. That plaintiff suffered an adverse employment action under circumstances that give rise to an inference of weight discrimination.

25. That the plaintiff's job is now being performed by persons who are not in his protected class.

26. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, raises, bonuses, health, dental, vision, and/or life insurance benefits, short-term and long-term disability benefits, pension and/or retirement benefits, investment opportunities, employer contributions, and any other compensation and fringe benefits provided by Defendant along with an additional amount to offset any negative tax consequences incurred as a result of recovery.

27.	That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer from non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, humiliation, embarrassment, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

28.	That Plaintiff hereby claims the costs of this litigation, including reasonable attorney fees and witness fees, pursuant to MCL 37.2801(3) and MCL 37.2802.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT II VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

29.	That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 17 of his Common Allegations, and 18 through 28 word for word and paragraph for paragraph, as if fully restated herein.

30.	That the Michigan Persons with Disabilities Civil Rights Act declares that the opportunity to obtain employment without discrimination because of a disability a civil right. MCL § 37.1102(1).

31.	That at all times material hereto, Plaintiff was "regarded as" a person with a medical condition or disability as set forth in the Act. MCL § 37.1103 et. Seq.

32.	That at all times material hereto, Defendants did view Plaintiff and regarded Plaintiff as having a "medical condition that substantially limited one or more major life activities," even though it was not related to Plaintiff's ability to perform the duties of the job.

33.	That at all times material hereto, with or without accommodation, Plaintiff's disability did not prevent Plaintiff of performing the duties of his position.

34. That furthermore, Defendants refused to allow Plaintiff to use of an extension seatbelt.

35. That said action on the part of the Defendants are motivated by a "perceived disability."

36. That the Persons with Disabilities Civil Rights Act prohibits an employer from discharging or otherwise discriminating against an individual with respect to compensation or the terms, conditions, or privileges of employment, because of a disability that is unrelated to the individual's ability to perform the duties of a particular job. MCL §37.1202(1)(b).

37. That Defendant discriminated against Plaintiff by demoting him and cutting his pay and otherwise discriminating against him on the basis of his weight.

38. That any of defendant's reasons for demoting plaintiff and cutting his club pay, are wholly pretextual in nature.

39. That Defendant's actions constitute disability discrimination in violation of the Michigan Persons with Disabilities Civil Rights Act.

40. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer severe economic damages, including but not limited to, lost wages, back pay, front pay, raises, bonuses, promotions, health, dental, vision and/or life insurance benefits, investment, pension and/or retirement benefits, and any and all other compensation and fringe benefits lost to Plaintiff along with an additional sum to offset any negative tax consequences of any recovery for the same.

41. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer severe noneconomic damages, including but not limited to, emotional distress, mental anguish, shock, fright, humiliation, embarrassment, nervousness, depression, anxiety, disruption of lifestyle, and denial of social pleasures.

42. That Plaintiff hereby makes a claim for reasonable attorney fees pursuant to MCL § 37.1606.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter

judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

                                Respectfully submitted,
                                THE MASTROMARCO FIRM

Dated: <u>April 5, 2021</u>        By:    <u>/s/Victor J. Mastromarco Jr.</u>
                                              VICTOR J. MASTROMARCO, JR.
                                              (P34564) KEVIN J. KELLY (P74546)
                                              Attorneys for Plaintiff
                                              1024 N. Michigan Avenue
                                              Saginaw, Michigan 48602
                                              (989) 752-1414

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF SAGINAW

ANTHONY TRAPP,

Plaintiff,

v.

Case No. 21-44300-CK
Hon.

FEDERAL EXPRESS,

Defendant.
_____/

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
_____/

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, ANTHONY TRAPP, by and through his attorneys, THE MASTROMARCO FIRM, and hereby demands a trial by jury on all of the above issues, unless otherwise expressly waived.

Dated: April 5, 2021

THE MASTROMARCO FIRM
By:_____
Victor J. Mastromarco, Jr. (P34564)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602