UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY TRAPP,

                Plaintiff,                  Case No. 1:21-cv-11271

v.                                         Honorable Thomas L. Ludington
                                                       United States District Judge
FEDERAL EXPRESS CORPORATION,

                Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS AND DIRECTING PLAINTIFF TO PROVIDE DEFENDANT WITH SUPPLEMENTAL DISCOVERY**

Anthony Trapp has sued FedEx under Michigan's Elliot Larsen Civil Rights Act for weight discrimination. In response to an interrogatory, he disclosed his earnings and employment status since he resigned from his position at FedEx. And he shared more such information at a deposition.

But in the interim 11 months, he has not supplemented those disclosures as required under the Federal Rules of Civil Procedure.

The questions before this Court are whether FedEx is entitled to discovery sanctions and whether Plaintiff must supplement his disclosures.

**I.**

Plaintiff Anthony Trapp brought this case against Defendant Federal Express Corporation after it demoted him, he alleges, based on his weight. *See generally* ECF No. 1-1. After Defendant's motion for summary judgment was partially granted, ECF No. 47, only Plaintiff's Elliott-Larsen Civil Rights Act (ELCRA) claim remains, *see* MICH. COMP. LAWS § 37.2101 *et seq*. Plaintiff seeks economic damages, including front pay and back pay, and noneconomic damages. *See* ECF Nos. 1-1 at PageID.16–17; 44-1 at PageID.969.

On November 18, 2022, Defendant filed a "motion *in limine* and for sanctions to exclude evidence of Plaintiff's alleged economic damages and any effort to mitigate those damages." ECF No. 44 (cleaned up). The motion alleges Plaintiff did not "itemize his damages" or supplement his disclosures about his earnings and employment status since January 14, 2022, when he was deposed. *Id.* at PageID.953. Thus, Defendant seeks an order either (1) excluding Plaintiff's economic damages or (2) limiting Plaintiff's back pay and front pay. *Id.* Plaintiff responds that Defendant's proposed sanctions are unnecessary because he fully complied with Rule 26 by providing his "tax returns[,] documents establishing [his] compensation and benefits," and the "basis to calculate [his] damages." ECF No. 45 at PageID.1018–19. In its reply, Defendant concedes that it "has adequate information to calculate [Plaintiff's] potential lost wages." ECF No. 48 at PageID.1086.

The parties' only disagreement now is whether Plaintiff owes Defendant any supplemental discovery regarding his earnings and employment status. Defendant contends Plaintiff must provide information about his earnings and employment status dated after discovery closed on January 31, 2022, *see* ECF No. 12, because it is necessary to calculate damages, *see generally* ECF Nos. 44; 48. On the other hand, Plaintiff asserts he "supplied all the information he has regarding his earnings form subsequent employers." ECF No. 45 at PageID.1019.

## II.

### A.

Unless ordered by the court, parties must timely supplement discovery disclosures or responses. FED. R. CIV. P. 26(e)(1). "The duty to supplement discovery does not cease upon the close of the applicable discovery period." *Everlight Elecs. Co. v. Nichia Corp.*, No. 12-CV-11758, 2015 WL 412184, at *1 (E.D. Mich. Jan. 30, 2015) (citing *Gorzynski v. JetBlue Airways Corp.*,

03CV774A, 2012 WL 712067 (W.D.N.Y. Mar. 5, 2012)). Thus, in the discovery context,[1] parties have a continuous obligation to "supplement or [to] correct" any "disclosure under Rule 26(a)" and any response "to an interrogatory, request for production, or request for admission." FED. R. CIV. P. 26(e)(1).

"If a party fails to provide information or [to] identify a witness as required by Rule 26(a) or (e), [then] the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial *unless* the failure was *substantially justified or harmless*." FED. R. CIV. P. 37(c)(1) (emphases added). Yet the court may order a different sanction rather than exclude the evidence or witness. *Id.*

In order to determine whether a party's late or omitted disclosure is "substantially justified" or "harmless," courts consider five factors:

(1) the surprise to the party against whom the evidence would be offered;
(2) the ability of that party to cure the surprise;
(3) the extent to which allowing the evidence would disrupt the trial;
(4) the importance of the evidence; and
(5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 747–48 (6th Cir. 2015) (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396–97 (4th Cir. 2014)).

**B.**

Plaintiff had a duty to supplement his earnings and employment status because he produced the information in response to Defendant's interrogatories. ECF No. 44-2 at PageID.977–81; 45-

---

[1] In cases brought under the Administrative Procedure Act, for example, "[s]upplementing the record means introducing evidence that the agency did not consider but is 'necessary for the court to conduct a substantial inquiry.'" Matthew N. Preston II, *The Tweet Test: Attributing Presidential Intent to Agency Action*, 10 BELMONT L. REV. 1, 12 (2022) (citation omitted). And "supplementing the record [on appeal] means adding missing evidence to 'the record on appeal' that the district court considered when deciding the appealed order." *Walsh v. Timberline S. LLC*, No. 1:16-CV-11552, 2022 WL 17367185, at *3 (E.D. Mich. Nov. 28, 2022) (citations omitted).

2 at PageID.1030–34; *see also* FED. R. CIV. P. 26(e)(1). Although he has yet to supplement that discovery, the *Howe* factors weigh against any sanctions.

*Surprise*. That Plaintiff has a job is no surprise to Defendant. Indeed, in January 2022, Plaintiff testified he was content with his current employment and intended to maintain it. ECF No. 44-5 at PageID.1014. True, Defendant might not know Plaintiff's *exact* earnings or employment status. But Defendant's uncontested knowledge that Plaintiff is and intends to stay employed weighs against sanctions.

*Ability to Cure*. Although trial is a month away, a cure is at hand. *See, e.g.*, *Miner v. Ogemaw Cnty. Rd. Comm'n*, 594 F. Supp. 3d 912, 925–26 (E.D. Mich. 2022) (directing plaintiff "to supplement his disclosure" (citing FED. R. CIV. P. 26(a)(1)(B))). Indeed, Defendant's primary concern is "trial by ambush." ECF Nos. 44 at PageID.962; 48 at PageID.1088. But directing Plaintiff to supplement his disclosures would shine a light on any evidence lying in wait. So this factor also weighs against sanctions.

*Disruption of Trial*. New evidence of earnings and employment would not disrupt trial. Nor does Defendant argue it would. Although trial is a month away, such evidence would not relate to the substance of Plaintiff's ELCRA claim; it would only be relevant to calculating damages. True, a supplemental disclosure would crunch Defendant's time to prepare for it, but it would not impact Plaintiff's liability. And Defendant will still have ample time to cross-examine Plaintiff regarding his disclosures. So this factor weighs against sanctions too.

*Importance of Evidence*. Plaintiff's earnings and employment history are crucial to determining an accurate award of back pay and front pay. Similarly, it is relevant to whether Plaintiff mitigated damages. *See Meyers v. City of Cincinnati*, 14 F.3d 1115, 1119 (6th Cir. 1994) (noting that the defendant "has the burden of establishing a failure to properly mitigate damages"

(citing *Rasimas v. Mich. Dep't of Mental Health*, 714 F.2d 614, 623–24 (6th Cir. 1983))). Because that information could be critical to calculating damages, this factor weighs against sanctions.

*Explanation for Untimeliness*. Plaintiff does not explain his failure to supplement his earnings and employment since January 2022. Therefore, this factor favors exclusion.

Because the *Howe* factors weigh 1–3–0 against sanctions, Plaintiff's failure to supplement was substantially justified or harmless, and the information will not be excluded. *See EQT Prod. Co. v. Magnum Hunter Prod., Inc.*, 768 F. App'x 459, 470 (6th Cir. 2019) (unpublished) ("Balancing marginal cases is a classic exercise of discretion."). Consequently, Defendant's Motion will be denied.

### C.

Yet Plaintiff will be directed to supplement his disclosures of his earnings and employment since January 14, 2022.

Rule 26(e) plainly requires supplementation of such evidence in response to a court order. *See In re Flint Water Cases*, No. 17-10164, 2021 WL 5124253, at *2 (E.D. Mich. Nov. 4, 2021) (citing FED. R. CIV. P. 26(e)(1)(B)); *see also Wright v. Best Recovery Servs. LLC*, No. 14-CV-12476, 2015 WL 1849405, at *3 (E.D. Mich. Apr. 22, 2015) ("The Court may also order the disclosure of undisclosed information."). Plus, district courts retain "broad discretion to supervise discovery" under Rule 26(e)(1). *Brainard v. Am. Skandia Life Assurance Corp.*, 432 F.3d 655, 664 (6th Cir. 2005) (citing *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)); *see also Caudill Seed & Warehouse Co. v. Jarrow Formulas, Inc.*, No. 3:13-CV-82-CRS-CHL, 2017 WL 4799815, at *3 (W.D. Ky. Oct. 24, 2017) ("It is axiomatic that the Court has broad discretion in determining the proper scope of discovery." (citing *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th

Cir. 1981))). And Sixth Circuit policy "values the disposition of cases on their merits." *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006).

Eleven months have passed since Plaintiff provided Defendant with updated information regarding his employment status and earnings. Meanwhile, Plaintiff might have found a new job, received a raise, or become unemployed—none of which Defendant would know until trial. Yet the information is readily available, and Plaintiff could provide it with ease. Therefore, "the proper course is for [Plaintiff] to supplement . . . [his] disclosure . . . in compliance with Rule 26." *Davis v. Rockwall Cnty.*, No. 3:08-CV-01773-F, 2010 WL 11561780, at *2 (N.D. Tex. Nov. 22, 2010).

For these reasons, Plaintiff will be directed to provide Defendant with information about Plaintiff's employment status and earnings since January 14, 2022.

## III.

Accordingly, it is **ORDERED** that Defendant's Motion, ECF No. 44, is **DENIED**.

Further, it is **ORDERED** that Plaintiff is **DIRECTED** to provide Defendant with supplemental discovery, **on or before December 28, 2022**, regarding Plaintiff's earnings, employment status, and any employment history from January 14, 2022 to today.

Dated: December 21, 2022  　　　　　　　　　　　　s/Thomas L. Ludington  
　　　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON  
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge